THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARSHALL FLOYD, Defendant-Appellant.

Fifth District No. 5—86—0073

Opinion filed December 8, 1986.

Randy E. Blue and Julia M. Gentile, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Kim G. Noffke, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

The defendant, Marshall Floyd, pleaded guilty to aggravated battery, aggravated criminal sexual abuse, and unlawful restraint and was sentenced to probation. Defendant's probation was revoked, and he was sentenced to concurrent terms of three years' imprisonment. On appeal, defendant contends that he is entitled to certain credits against his sentence of imprisonment.

The record on appeal indicates that defendant was arrested on June 25, 1985, and remained incarcerated until July 10, 1985, when he pleaded guilty. At the commencement of the plea proceedings, the court was informed that defendant would plead guilty in exchange for the State's recommendation of probation with defendant's service of 23 weekends in the county jail as an incident of probation. After complying with Supreme Court Rule 402 (87 Ill. 2d R. 402) and accepting defendant's pleas of guilty, the court granted defendant a recognizance bond with "a special term and condition" that the defendant "report to the St. Clair County Jail each weekend between now and the time of sentencing at six P.M. on Fridays until four P.M. on Sundays." After the defendant informed the court that he worked until 10 p.m. on Fridays, the court stated: "Make it six A.M. on Saturday, and he shall receive credit for these weekends on the sentence, whatever it shall be." The court's written order concerning the plea proceedings states, in part: "Defendant is released on recog. bond pending sentencing, and defendant is to begin serving weekends in the St. Clair County Jail on Saturday, July 13, 1985, from 6:00 A.M. Saturdays until 4:00 P.M. Sundays."

On August 27, 1985, the sentencing hearing was conducted during which defense counsel informed the court that defendant had not served one of the weekends in jail because defendant was hospitalized. Defendant was sentenced to 30 months' probation on each count, and as incidents of probation, defendant was ordered to pay a fine of $500 on each count and to serve 23 consecutive weekends in the county jail. Defendant was granted credit toward his sentence for those weekends he had served while awaiting sentencing.

On November 19, 1985, the State filed a petition to revoke probation in which it was alleged that defendant had failed to serve weekends in jail. On December 23, 1985, after a hearing, the court revoked defendant's probation and his bond.

On January 30, 1986, defendant was sentenced to concurrent terms of three years' imprisonment. The court further ordered: "[D]efendant is to receive credit for all time served in the St. Clair County Jail both prior to the plea on these charges, the weekends he has served, and the time he's spent in the St. Clair County Jail while awaiting disposition on the petition to revoke probation, but he is not to receive credit for the time served on probation."

Defendant contends that the cause must be remanded to the circuit court for determination of the number of days to be credited to defendant's sentence of imprisonment. Defendant specifically contends that he is entitled to 132 days' credit: 16 days, June 25, 1985 to

July 10, 1985; 35 days, based on the five weekends he served between August 31, 1985, and December 18, 1985 (see *People v. Scheib* (1979), 76 Ill. 2d 244, 254-55, 390 N.E.2d 872, 877); 42 days, based on six weekends he served between the time he pleaded guilty, July 10, 1985, and the time he was sentenced, August 27, 1985; and 39 days, December 23, 1985, the date probation was revoked through January 30, 1986, the date he was sentenced to the Department of Corrections. The State contends that defendant is not entitled to six full weeks for the 6 weekends, 12 days, he served prior to sentencing.

■ When the trial court imposed a sentence of 23 weekends in jail as a condition of Floyd's probation, it did so with the express authorization of section 5—6—3(b)(1) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—3(b)(1)). Pursuant to the foregoing section, a trial court may require, as a condition of probation, that the defendant be sentenced to a term of imprisonment which is to be served periodically for the duration of its term. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—3(b)(1).) Section 5—7—1(d) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 1005—7—1(d)) expressly instructs that "[t]he term of the sentence [of periodic imprisonment] shall be calculated upon the basis of the duration of its term rather than upon the basis of the actual days spent in confinement." Consequently, though Floyd was to spend only 46 days in jail, the term of the imprisonment was to run 156 days. Defendant, however, served only 11 weekends in jail; therefore, the term of his imprisonment was 72 days; 7 days in a week multiplied by 11 weekends minus 5 days as the time does not run until defendant has served the first weekend and defendant was incarcerated for only two days in the first week. (*People v. Scheib* (1979), 76 Ill. 2d 244, 254-55, 390 N.E.2d 872, 877.) The court ordered that Floyd be committed on the weekends for a term of 23 weekends and released for the interim periods. When defendant was sentenced on July 10, 1985, the court granted defendant credit against the 23-weekend sentence for the weekends defendant had served. When defendant was resentenced after the revocation of probation, he was again granted credit for the weekends served. Granting defendant credit on the basis of periodic imprisonment for weekends served between the plea and initial sentencing is consistent with the trial court's intent that those weekends were part of defendant's sentence.

■ This court finds that there is no need to remand the case to the trial court for the determination of the days to be credited against his penal sentence as the record is clear that defendant is entitled to 127 days' credit: 16 days in confinement between the date of arrest

and being released at the plea proceedings; 39 days in confinement between the date probation was revoked and sentencing; and 72 days based on the time of periodic imprisonment. Therefore, the judgment of the circuit court of St. Clair County is affirmed and the cause is remanded to the circuit court of St. Clair County to issue an amended judgment order and mittimus which shall reflect that defendant is entitled to 127 days' credit against his sentence of imprisonment.

Affirmed and remanded with directions.

WELCH and JONES, JJ., concur.