THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TIMOTHY R. HOLT, Defendant-Appellant.

Fourth District No. 4—86—0194

Opinion filed December 30, 1986.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

No brief filed for the People.

JUSTICE SPITZ delivered the opinion of the court:

This is an appeal from an order approving a negotiated probation revocation disposition in which defendant, appearing *pro se*, admitted the allegations of two petitions to revoke probation in unrelated felony cases (forgery and burglary) and was sentenced to two concurrent three-year terms of imprisonment, with no credit given for time he had spent in jail or on probation for either of these offenses. As part of the negotiated agreement, the State agreed to dismiss a pending theft charge and two petitions to revoke probation in misdemeanor cases. Defendant appeals the revocation of his probation in the forgery case, and he appeals the denial of credit for time served in both cases.

The State has not filed a brief in this court, and we have therefore considered the case under the doctrine of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493. That authority permits us to decide the merits without an appellee's brief if the record is simple and the claimed errors can be disposed of without that brief. We consider the instant case to be within the scope of that alternative.

The basis for revoking Holt's probation in that forgery case was his failure to pay court costs. Defendant argues that the revocation of his probation for failure to pay costs in the forgery case must be vacated because the State failed to charge, and the court neglected to determine, that the failure to pay was wilful. We agree. The petition to revoke probation in the forgery case was defective since it did not allege that defendant's failure to pay was wilful. Furthermore, the State's failure to charge defendant properly in the petition to revoke was compounded by the court's admonishments to defendant during the hearing on the petition, during which the word "wilful" not once appears in connection with this petition to revoke. These errors by the State in failing to charge defendant properly, and by the court in failing to properly admonish defendant and determine that his failure to pay court costs was wilful, require that the revocation of probation for forgery and the sentence imposed thereon be vacated.

In the cause before us, the sentence in the foregoing case vio-

lates those provisions of the Unified Code of Corrections which prohibit the revocation of probation or conditional discharge for failure to pay restitution unless such failure is wilful. Section 5—6—4(d) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—4(d)) provides:

"Probation, conditional discharge, periodic imprisonment and supervision shall not be revoked for failure to comply with conditions of a sentence or supervision, which imposes financial obligations upon the offender unless such failure is due to his wilful refusal to pay.

Section 5—5—6(g) of the Code, as amended by Public Act 83—1433, effective January 1, 1985 (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—6(g)), provides:

"A sentence of restitution may be modified or revoked by the court if the offender commits another offense, or the offender fails to make restitution as ordered by the court, but no sentence to make restitution shall be revoked unless the court shall find that the offender has had the financial ability to make restitution, and he has wilfully refused to do so. If the court shall find that the defendant has failed to make restitution and that the failure is not wilful, the court may impose an additional period of time within which to make restitution."

Furthermore, the supreme court has made it clear that it is incumbent upon the State to prove that a defendant's failure to comply with financial conditions of a sentence of probation was a wilful refusal to pay before probation can be revoked for such failure to comply. *People v. Boucher* (1974), 57 Ill. 2d 225, 228, 311 N.E.2d 679, 681; *People v. Harder* (1975), 59 Ill. 2d 563, 567, 322 N.E.2d 470, 472.

■ The State offered no proof on the issue of whether defendant's failure to comply with the financial conditions of his sentence was wilful, and defendant has not made any admissions in this regard. In *Boucher*, the supreme court stated:

"The trial court in this instance made no finding that defendant's failure to pay was a wilful violation and the record before us is insufficient to determine the character of defendant's noncompliance with the restitutional condition of probation.

*** The circumstances of this case and the aforesaid Code provision require that the judgment of the appellate court be vacated and the cause remanded to the circuit court of Cook

County for further proceedings." (*People v. Boucher* (1974), 57 Ill. 2d 225, 228, 311 N.E.2d 679, 680.)

Likewise, the revocation of defendant's probation in the forgery case must be reversed and remanded to the circuit court for further proceedings.

 █ Defendant next argues that the court exceeded its authority in accepting a plea agreement in a revocation of probation proceeding in which he was denied credit for time served in jail. The law relating to this issue is equally clear. Section 5—8—7(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—7(b)), provides, in pertinent part:

> "(b) The offender shall be given credit on the determinate sentence or maximum term and the minimum period of imprisonment for time spent in custody as a result of the offense for which the sentence was imposed ***."

The supreme court has stated that this section *"requires* that credit be given for all time spent in custody for the same offense." (Emphasis in original.) *People v. Scheib* (1979), 76 Ill. 2d 244, 250, 390 N.E.2d 872, 875.

Section 5—8—7(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—7(b)), on its face and as interpreted by the supreme court, leaves no doubt that defendant was improperly denied credit for time served in jail. As the supreme court stated in *In re T.E.* (1981), 85 Ill. 2d 326, 333, 423 N.E.2d 910, 913:

> "The established rule is that where a court having jurisdiction over both the person and the offense imposes a sentence in excess of what the statute permits, the legal and authorized portion of the sentence is not void, but the excess portion of the sentence is void."

It is therefore apparent that the portion of the circuit court's order which denied defendant credit for time served in jail is void. Defendant contends that he has served 220 days in jail for the burglary offense, and his calculations were never disputed. We therefore determine that defendant is entitled to credit for 220 days served on the burglary offense. We note also that defendant was not given credit for 63 days served in jail on the forgery conviction. On remand, if defendant's probation is revoked in the forgery case, he must be given credit against his new sentence for this time he already served for the same offense.

For the reasons stated herein, the revocation of defendant's probation in the forgery case is hereby reversed and remanded to the circuit court for further proceedings. The revocation of defendant's

probation in the burglary case is hereby remanded to the circuit court of Cass County for the issuance of an amended judgment and sentence which will credit defendant for the 220 days he served on the burglary charge.

No. 83CF60 reversed and remanded.

No. 84CF21 revocation affirmed, sentence vacated, and cause remanded for the issuance of an amended judgment and sentence.

GREEN and McCULLOUGH, JJ., concur.