THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HILARION A. GRANADOS, Defendant-Appellant.

Third District   No. 3—93—0057

Opinion filed April 18, 1995.

Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Spencer, State's Attorney, of Morrison (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Hilarion Granados, pleaded guilty to two Class 4 felonies, driving while his driver's license was revoked (DWR) (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 6—303(d)) and driving under the influ-

ence of alcohol (DUI) (Ill. Rev. Stat. 1991, ch. 95¹/₂, par. 11—501(d)(1)). He was sentenced to a term of 18 months' imprisonment for DWR and a term of 30 months' probation for DUI. The defendant served his sentence of imprisonment for DWR. More than one year later, the defendant admitted violating the terms of his probation. He was then sentenced to a term of three years' imprisonment for DUI. The defendant was allowed to file a late notice of appeal.

The sole issue raised by the defendant is whether he is entitled to 94 days' credit against his three-year sentence for DUI for the time he spent serving his sentence for DWR. We conclude that the defendant is not entitled to credit for time served as a result of his DWR conviction. Accordingly, we affirm the judgment of the trial court.

On May 26, 1990, the defendant was arrested for DWR and DUI. The defendant had an extensive history of driving offenses, including two prior DUI's. Consequently, both offenses were charged as Class 4 felonies. The defendant pleaded guilty to both offenses. On December 21, 1990, the defendant was sentenced to serve a term of 18 months in the Department of Corrections (DOC) for the DWR conviction. He was also sentenced to a term of 30 months' probation for the DUI conviction. As a condition of his probation, the defendant was ordered to pay $4,950 in fines and $523 in costs. He was also ordered to complete an inpatient alcohol treatment program and satisfactorily complete any recommended aftercare program. After the defendant completed inpatient treatment, he entered the DOC on February 6, 1991, to serve the sentence imposed for DWR. He was released by the DOC on May 10, 1991.

On May 5, 1992, the State filed a petition to revoke the defendant's probation for his DUI conviction. The petition alleged that the defendant violated the terms of his probation because he failed to pay the fines and costs ordered by the circuit court. Also, the petition alleged that the defendant failed to participate in and complete the aftercare program recommended by the hospital following his inpatient treatment. The petition was later amended to state that the defendant also violated his probation when he committed the offenses of DWR and DUI on June 12, 1992. On September 1, 1992, the defendant admitted violating the terms of his probation.

On October 16, 1992, the trial court sentenced the defendant to three years in the DOC for DUI. The defendant was given 19 days' credit for time served in the Whiteside County jail. On April 13, 1993, this court allowed the motion of the appellate defender to file a late notice of appeal in this case.

The defendant's sole argument on appeal is that he is entitled to an additional 94 days' credit against his three-year sentence for the

time he spent in the DOC from February 6, 1991, to May 10, 1991. The defendant does not dispute that the 94 days were served as a result of his conviction of DWR. He nevertheless contends that the 94 days should be credited toward his three-year sentence for DUI. We disagree.

Section 5—8—7(b) of the Unified Code of Corrections (Code) provides that a defendant shall be given credit on his sentence "for time spent in custody *as a result of the offense for which the sentence was imposed.*" (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—7(b).) Accordingly, our supreme court has held that a defendant sentenced following the revocation of his probation must be given credit for all time spent in custody for that offense. (*People v. Scheib* (1979), 76 Ill. 2d 244, 250-51, 390 N.E.2d 872, 875; see also *People v. Durk* (1990), 195 Ill. App. 3d 335, 338, 552 N.E.2d 278, 280; *People v. Holt* (1986), 151 Ill. App. 3d 337, 340, 502 N.E.2d 767, 769.) However, by its plain language, "section 5—8—7(b) allows sentence credit for custody resulting *only* from the offense at hand." (Emphasis added.) *People v. Nicholson* (1991), 213 Ill. App. 3d 765, 768, 572 N.E.2d 1188, 1190; see also *People v. Hughes* (1988), 167 Ill. App. 3d 265, 269, 521 N.E.2d 240, 243.

The defendant contends that he spent 94 days in custody following the imposition of his sentence of probation and, based upon *Scheib,* should be given credit for those days. This court addressed the issue raised by the defendant in *People v. Wadelton* (1980), 82 Ill. App. 3d 684, 402 N.E.2d 932. In *Wadelton,* the defendant pleaded guilty to the offenses of burglary and misdemeanor theft. He was sentenced to a term of 314 days' imprisonment for the theft conviction and 3 years' probation for the burglary conviction. After the defendant served his term of imprisonment for theft, his probation for burglary was revoked. The defendant was then sentenced to a term of three years' imprisonment for burglary. On appeal, the defendant argued that he was entitled to credit against the three-year prison term for the time he spent in custody for the theft conviction.

In *Wadelton,* we determined that the defendant was not entitled to credit for the time he spent in custody as a result of the theft conviction. We stated that "the statute is very clear that unless the period of imprisonment resulted from the offense for which the sentence was imposed, no credit need be given." *Wadelton,* 82 Ill. App. 3d at 688, 402 N.E.2d at 935.

In this case, the previous time the defendant spent in custody resulted from another offense, DWR. Consequently, based upon *Wadelton,* the defendant is clearly not entitled to credit against his sentence for DUI.

The defendant has conceded on appeal that we "addressed the very issue presented in this case" in *Wadelton*. The defendant argues that *Wadelton* was wrongly decided and should be overturned. After carefully reviewing our decision in *Wadelton*, we conclude that *Wadelton* is correct based on the clear language of section 5—8—7(b) of the Code. Accordingly, we see no reason to depart from our prior holding.

We are also not persuaded by the defendant's alternative argument that *Wadelton* is distinguishable. The defendant contends that, unlike the situation in *Wadelton*, he was given the maximum sentence for DUI following the revocation of his probation. The defendant notes that the court in *Scheib* stated that giving credit for all time spent in custody for an offense following the revocation of probation "insures that a defendant is never subjected to more total time in confinement for a particular offense upon resentencing than he could have received for the offense in the first instance." (*Scheib*, 76 Ill. 2d at 252, 390 N.E.2d at 875; see also Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—4(e) (after revocation of probation, court may impose sentence that was available at the time of the initial sentencing).) The defendant also argues that sentences imposed for his DUI and DWR convictions would have to be concurrent because they were committed as part of a single course of conduct, relying on section 5—8—4(a) of the Code (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(a)). The defendant concludes that he must be given the sentencing credit he has requested. Otherwise, the defendant argues he will actually serve more than the maximum time he could have received for DUI because that sentence would have been concurrent to his sentence for DWR.

We conclude, however, that the defendant's reliance on *Scheib* is misplaced. *Scheib* states only that a defendant may not receive a sentence on resentencing which exceeds the maximum he could have received *for the particular offense* at the time of the initial sentencing. (*Scheib*, 76 Ill. 2d at 252, 390 N.E.2d at 875.) The defendant will not be serving more than the maximum sentence which could have been originally imposed for his DUI offense. We additionally note that section 5—8—4(a) does not apply to this factual situation. Section 5—8—4(a) governs the situation where multiple sentences of imprisonment are imposed on a defendant at the same time or where a term of imprisonment is imposed on a defendant already subject to a sentence. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(a).) Here, the defendant had already served his sentence for DWR when he was sentenced for DUI following the revocation of his probation.

As conceded by the defendant, *Wadelton* is directly on point and must control our decision in this case. Based upon *Wadelton*, the de-

fendant is entitled to credit only for imprisonment which resulted from the offense for which the sentence was imposed, DUI. Accordingly, the defendant is not entitled to credit against his DUI sentence for time he served as a result of his conviction of another offense, DWR.

For all of the reasons indicated, we affirm the judgment of the circuit court of Whiteside County.

Affirmed.

STOUDER, P.J., and LYTTON, J., concur.