No. 4-97-0329

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

v. ) Vermilion County

TRAVIS L. DIEU, ) No. 95CF481

Defendant-Appellant. )

) Honorable

) Thomas J. Fahey,

) Judge Presiding.

JUSTICE KNECHT delivered the opinion of the court:

In January 1996, defendant, Travis L. Dieu, pleaded guilty to burglary (720 ILCS 5/19-1 (West 1994)).  In February 1996, he was sentenced to 48 months' probation, including 60 days of periodic imprisonment in the Vermilion County work-release pro­gram.  In No­vem­ber 1996, the court revoked de­fen­dant's pro­bation, and in Feb­ruary 1997, he was sen­tenced to 62 months in prison with cred­it for 121 days served.  De­fen­dant ap­peals, argu­ing the trial court erred in determining his credit for time served.  We agree and re­mand for issuance of a cor­rected order of judgment and sen­tence.

I. BACKGROUND

On October 5, 1995, defendant was arrested for residen­tial burglary (720 ILCS 5/19-3(a) (West 1994)).  He re­mained in the coun­ty jail until he post­ed bond on Decem­ber 1, 1995--a peri­od of 56 days.  In Janu­ary 1997, de­fen­dant plead­ed guilty to bur­glary (720 ILCS 5/19-1 (West 1994)) in exchange for the State agree­ing to dis­miss four misde­meanor cases already pending against him.  He also agreed to make res­ti­tu­tion owed to the victims of his crimes.

In February 1996, the trial court sentenced defendant to 48 months' probation.  His probation was contingent upon nu­merous conditions, including (1) paying res­ti­tu­tion to­tal­ing $1,864, (2) paying court costs total­ing $213, (3) abstain­ing from alcohol and illicit drugs, (4) taking random drug tests, (5) com­plying with curfew conditions, and (6) serving 60 days' peri­od­ic imprisonment in a work-release program.  In March 1996, de­fen­dant began serving his term of periodic imprisonment.

On Septem­ber 18, 1996, defendant was arrested for vio­lating his probation.  The State filed a petition to revoke his probation, al­leg­ing he (1) used co­caine once, (2) used can­na­bis on three sepa­rate occa­sions, and (3) failed to abide by his cur­few con­di­tions.  He re­mained in jail until he posted bond on November 21, 1996--a period of 65 days.

In November 1996, the trial court conducted a hearing on the State's petition and defendant admitted vio­la­ting his probation.  At the February 1997 sentencing hearing, the court heard evi­dence in aggravation and mitiga­tion of defendant's con­duct.  The court sentenced defendant to 62 months' imprisonment with the Illinois Department of Correc­tions and credited him with 121 days al­ready served.  The court did not consult with defense counsel before determining defendant's sentence credit.

Thereaf­ter, defen­dant filed a mo­tion to with­draw his admission and recon­sider his sen­tence.  Defendant al­leged he did not understand the consequences of his admis­sion and his sentence was excessive.  The mo­tion did not challenge the court's determi­nation of his credit for time served.  In March 1997, the court de­nied defendant's mo­tion and this appeal fol­lowed.

II. ANALYSIS

On appeal, defendant as­serts the court erred by fail­ing to cred­it him with the 60 days of peri­od­ic im­pris­on­ment he served prior to his pro­ba­tion vio­la­tion.  See 
Peo­ple v. Scheib
, 76 Ill. 2d 244, 252, 390 N.E.2d 872, 875-76 (1979).  Further, he con­tends his ap­peal has not been forfeited be­cause he did not partici­pate in the deter­mina­tion of his sen­tence cred­it or agree to the State's calcula­tion of his cred­it.  However, if the issue has been forfeited, defen­dant ar­gues his coun­sel pro­vided inef­fec­tive assis­tance, result­ing in sub­stan­tial prej­u­dice.  See 
Strickland v. Wash­ing­ton
, 466 U.S. 668, 686, 80 L. Ed. 2d 674, 692-93, 104 S. Ct. 2052, 2063-64 (1984).

The State argues defendant is challenging the cor­rect­ness of his sentence; therefore, this issue 
should have been in­clud­ed in his posttrial mo­tion.  See 
730 ILCS 5/5-8-1(c) (West 1994).  By fail­ing to raise this issue be­fore the trial court, 
the State argues de­fen­dant forfeit­ed his right to appeal.  See 
People v. Reed
, 177 Ill. 2d 389, 390, 686 N.E.2d 584, 584 (1997).  Addi­tionally, the State as­serts de­fendant was not af­forded inef­fec­tive as­sis­tance of counsel nor was defense counsel's failure to raise this issue plain er­ror.

Initially, we note this court previously held a de­fen­dant for­feits his or her right to appeal the court's sen­tence credit determination when (1) the re­cord clear­ly indi­cates the court con­sult­ed with defense counsel re­garding the credit defen­dant was due for time served, and (2) defendant failed to raise the issue in a postsentencing motion.  See 
Peo­ple v. Moore
, 289 Ill. App. 3d 357, 363, 681 N.E.2d 1089, 1093 (1997); 
Peo­ple v. Gwartney
, 289 Ill. App. 3d 350, 356, 683 N.E.2d 497, 501 (1997).  In both cases, this court found defendants' acquiescence to the trial court's sentence credit calculation precluded them from challenging the court's determination on appeal.  How­ev­er, the su­preme court par­tial­ly va­cat­ed those deci­sions, order­ing this court to grant the defendants additional days of sen­tence credit.  See 
Peo­ple v. Moore
, 175 Ill. 2d 545, 688 N.E.2d 308 (1997) (nonprecedential supervi­sory or­der); 
Peo­ple v. Gwartney
, 175 Ill. 2d 539, 688 N.E.2d 308 (1997) (nonprecedential supervi­sory or­der). Consequently, we examine this issue anew.

In this case, we find the State's reli­ance on 
Reed
 mis­placed.  The defendants in 
Reed
 ar­gued their sen­tenc­es were ex­ces­sive.  How­ever, they failed to submit posttrial mo­tions pur­su­ant to sec­tion 5-8-1(c) of the Uni­fied Code of Cor­rec­tions (Uni­fied Code) (730 ILCS 5/5-8-1(c) (West 1994)) to the trial court before ap­peal­ing the court's sentencing deci­sion.  Sec­tion 5-8-1(c) of the Uni­fied Code pro­vides: "[a] defen­dant's chal­lenge to the cor­rect­ness of a sen­tence or to any as­pect of the sentenc­ing hearing shall be made by a written mo­tion filed within 30 days following the impo­sition of sen­tence."  730 ILCS 5/5-8-1(c) (West 1994).  The su­preme court held sec­tion 5-8-1(c)
 of the Unified Code re­quires defen­dants to file a written postsen­tenc­ing mo­tion in the trial court to preserve sentencing is­sues for ap­pellate review.­  Thus, the defen­dants forfeit­ed their right to appeal the court's decision.  
Reed
, 177 Ill. 2d at 390, 686 N.E.2d at 584.

However, defendant is not simply chal­leng­ing the cor­rectness of his sentence or an aspect of the sen­tenc­ing hear­ing.  Rath­er, de­fen­dant ap­peals the trial court's de­ter­mi­na­tion of his statuto­ry right to credit for time served.  When a stat­utory right is clearly manda­tory, a defendant's fail­ure to raise the issue to the trial court will not forfeit his or her right to raise the issue on appeal, so long as raising the issue to the trial court is not a stat­u­to­ry pre­condition.  
Peo­ple v. Woodard
, 175 Ill. 2d 435, 456-57, 677 N.E.2d 935, 945 (1997).

In 
Woodard
, the supreme court ad­dressed wheth­er a de­fen­dant for­feits his or her right to re­ceive a $5 cred­it under sec­tion 110-14 of the Code of Crimi­nal Pro­ce­dure of 1963 (Proce­dure Code) (725 ILCS 5/110-14 (West 1994)) after failing to raise the issue be­fore the trial court.  Section 110-14 of the Proce­dure Code pro­vides: "[a]ny person incarcerated on a bailable offense *** 
shall
 be al­lowed a cred­it of $5 for each day so in­carcerat­ed."  (Empha­sis added.)  725 ILCS 5/110-14 (West 1994).  The su­preme court held a defendant's stat­u­tory right to a 
per
 
diem
 cred­it
 is con­ferred in manda­tory terms; thus, nor­mal waiver rules do not apply and the right is cogniza­ble on appeal.  
Woodard
, 175 Ill. 2d at 457, 677 N.E.2d at 945-56.

Sec­tion 5-8-7(b) of the Unified Code pro­vides:

"(b) The offend­er 
shall be given credit on the determi­nate sen­tence or maximum term and the minimum period of imprison­ment for time spent in custody as a result of the offense for which the sen­tence was im­posed, at the rate specified in Section 3-6-3 of this Code."  730 ILCS 5/5-8-7(b) (West 1994).

Whether a statutory provision is interpreted as mandatory or dis­cre­tion­ary depends upon the legislature's intent.  Gen­eral­ly, the word "shall" indicates a mandatory in­tent; howev­er, this rule is not absolute.  
People v. Porter
, 122 Ill. 2d 64, 82, 521 N.E.2d 1158, 1165 (1988); 
Woodard
, 175 Ill. 2d at 445, 677 N.E.2d at 940.  The court also considers the statute's pur­pose when deter­mining the legislature's intent.  
Faheem-El v. Klincar
, 123 Ill. 2d 291, 298, 527 N.E.2d 307, 310 (1988).  Noth­ing should be in­ferred from the statute's lan­guage be­yond its lit­eral mean­ing.  
Peo­ple v. Shinkle
, 128 Ill. 2d 480, 486, 539 N.E.2d 1238, 1241 (1989).

The language of section 5-8-7(b) of the Unified Code man­dates de­fen­dants receive credit for time served.  The statute's purpose is to ensure defendants are never sub­ject to more jail time for a particular offense than they could have re­ceived for the offense in the first instance.  See 
Scheib
, 76 Ill. 2d at 252, 390 N.E.2d at 875.  Further, the stat­ute does not re­quire de­fen­dants to re­quest their cred­it as a stat­utory pre­con­di­tion.  730 ILCS 5/5-8-7(b) (West 1996).  
Thus, in this case, defendant's statutory right to re­ceive cred­it for time served is man­da­tory and forfei­ture rules do not ap­ply.  See 
Woodard
, 175 Ill. 2d at 457, 677 N.E.2d at 945-56; see 134 Ill. 2d R. 615(a).  To the extent that this court's decision in 
People v. Moore
, 295 Ill. App. 3d 676, 686, 694 N.E.2d 184, 190 (1998), differs on this point, we overrule it this day.

Therefore, based on the supreme court's holding in 
Woodard
,
 175 Ill. 2d at 457, 677 N.E.2d at 945-56, we con­clude defendant's right to appeal the court's sentence credit determi­nation is not for­feit­ed by his fail­ure to call the error to the trial court's at­ten­tion.  "[P]roper tri­al-court prac­tice at the time of sen­tenc­ing would include taking a few addi­tional minutes to discuss credit-time computa­tion with the prose­cutor, defense counsel, and defen­dant."  
Peo­ple v. Donnelly
, 226 Ill. App. 3d 771, 779, 589 N.E.2d 975, 980 (1992).  "Both the State's At­torney and de­fense coun­sel have an obli­gation to assist the court, and 
both
 are obligat­ed to make sure the defen­dant receives neither more nor less than the time credit to which he is enti­tled."  (Empha­sis in origi­nal.)  
People v. Curtis
, 233 Ill. App. 3d 416, 420, 599 N.E.2d 101, 103
 (1992).

Defendant was jailed from Octo­ber 5, 1995, to De­cem­ber 1, 1995, a period of 56 days, and from Sep­tem­ber 18, 1996, to November 21, 1996, a period of 65 days.  Also, he completed 60 days of peri­od­ic im­pris­onment prior to vio­lat­ing his pa­role.  All of defendant's time in jail re­sulted from the same criminal con­vic­tion.  Thus, defendant was entitled to 181 days' credit for time served.  See 730 ILCS 5/5-8-7(b) (West 1996); 
Scheib
, 76 Ill. 2d at 252, 390 N.E.2d at 875-76.  This case is re­manded for issu­ance of a cor­rected judgment and sentencing order grant­ing de­fen­dant 181 days' credit for time served.

In light of our resolution of the sentence credit is­sue, we need not de­ter­mine wheth­er defendant was af­ford­ed inef­fec­tive assis­tance of coun­sel or his de­fense counsel's fail­ure to raise this issue in a posttrial motion amount­ed to plain er­ror.

III. CONCLUSION

For the reasons stated, the trial court's judgment is remanded with directions.

Remanded with directions.

GARMAN, P.J., and McCULLOUGH, J., concur.