NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230064-U

NO. 4-23-0064

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 11, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Marshall County |
| AAROM J. MEZO, | ) | No. 21CF27 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | James A. Mack, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Justices Harris and Lannerd concurred in the judgment.

**ORDER**

¶ 1     *Held*: After revocation of defendant's probation and the imposition of additional imprisonment, he was entitled to credit for the time spent in custody prior to imposition of his original sentence.

¶ 2     In July 2021, defendant Aarom J. Mezo pleaded guilty to aggravated domestic battery causing great bodily harm (720 ILCS 5/12-3.3(a) (West 2020)). Defendant was sentenced to 24 months' probation and 29 days in jail. Defendant's probation was subsequently revoked, and he was sentenced to three years' imprisonment. The trial court denied defendant's motion to receive credit for the 29 days he had already served in custody on his original sentence. On appeal, defendant argues the trial court erred by not giving him 29 days of sentence credit. We remand for the trial court to give defendant proper sentence credit.

¶ 3                           I. BACKGROUND

¶ 4        On June 17, 2021, defendant was charged by information with two counts of aggravated domestic battery. Count I alleged defendant caused great bodily harm to Sabrina Goetz by kneeling on her neck and striking her in the head, causing blood vessels in Goetz's eyes to burst (*id.*). Count II alleged defendant strangled Goetz (*id.* § 12-3.3(a-5)).

¶ 5        On July 14, 2021, defendant entered a fully negotiated guilty plea to count I. In exchange for his plea of guilty, the State agreed to dismiss count II and two pending traffic citations. Defendant was sentenced to 24 months' probation and a term of 29 days in the Marshall County jail. Defendant was given credit for the 29 days he had been in custody prior to pleading guilty from June 16, 2021, to July 14, 2021. A condition of defendant's probation was that he could not possess, use, or consume alcohol, marijuana, or any illegal drugs and had to submit to random drug testing.

¶ 6        On April 18, 2022, the State filed a petition to revoke defendant's probation, alleging defendant violated the terms of his probation by testing positive for methamphetamines on October 13, 2021, and April 11, 2022. On April 22, 2022, the trial court entered an order of *habeas corpus* to transport defendant from the Woodford County jail to appear for proceedings in Marshall County.

¶ 7        On April 26, 2022, defendant entered a partially negotiated stipulation on the State's petition to revoke his probation. The State agreed to a cap of four years' imprisonment. The matter was continued for a sentencing hearing.

¶ 8        At the July 11, 2022, sentencing hearing, defendant was sentenced to three years' imprisonment, to be served at 85% concurrent to his sentence he was currently serving in Woodford County case No. 21-CF-31 (see *People v. Mezo*, 2023 IL App (4th) 220691-U).

¶ 9    On July 18, 2022, defendant filed a *pro se* motion for an order *nunc pro tunc* seeking sentencing credit for 105 days served. Defendant's motion stated he was incarcerated in the Marshall County jail from June 16, 2021, to July 14, 2021, for a total of 29 days. Defendant also indicated he was incarcerated in the Illinois Department of Corrections from April 26, 2022, to July 11, 2022, for a total of 76 days.

¶ 10    On August 15, 2022, defendant filed a *pro se* motion to reconsider his sentence, seeking to reduce the amount of time he had to serve on his three-year sentence from 85% to 50%.

¶ 11    On January 11, 2023, a hearing was held on defendant's *pro se* motions. The trial court denied defendant's motion for a *nunc pro tunc* order crediting the 29 days served prior to his original sentencing. The court reasoned that defendant had already received that credit when he was originally sentenced to probation when he pleaded guilty to count I of the original indictment, and he could not receive it again. The court also denied defendant's motion to reconsider, finding the 85% rate is set by statute and applied because defendant was found to have caused bodily harm when he pleaded guilty to count I of the original indictment.

¶ 12    This appeal followed.

¶ 13                               II. ANALYSIS

¶ 14    On appeal, defendant argues the trial court erred when it denied his motion for a *nunc pro tunc* order giving him the statutorily required presentence custody credit of 29 days after resentencing him to three years in prison.

¶ 15    As an initial matter, defendant argues he incorrectly filed his *pro se* motion under Illinois Supreme Court Rule 472 (eff. May 17, 2019). Rule 472 is procedural and instructs a defendant how to obtain relief for sentencing errors. *People v. Edwards*, 2020 IL App (1st) 170843, ¶ 27. Rule 472(a)(3) states the trial court retains jurisdiction to correct any errors in the

calculation of presentence custody credit, including during the pendency of an appeal. Ill. S. Ct. R. 472(a)(3) (eff. May 17, 2019). Rule 472(e) requires a reviewing court to remand sentencing errors covered by Rule 472 back to the trial court when such sentencing errors are raised for the first time on appeal. Ill. S. Ct. R. 472(e) (eff. May 17, 2019); *People v. Scott*, 2019 IL App (1st) 163022, ¶ 26 (remanding issue of sentencing error despite the State's concession pursuant to Rule 472(e)).

¶ 16 However, the record indicates defendant did, in fact, present a sentencing error to the trial court prior to filing his *pro se* motion seeking *nunc pro tunc* relief. Additionally, a court is permitted to recharacterize a clearly labeled *pro se* pleading. *People v. Shellstrom*, 216 Ill. 2d 45, 51 (2005); *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 102 (2002) ("[T]he character of the pleading is determined from its content, not its label."). It is clear from the record defendant was attempting to seek precisely the kind of relief provided for under Rule 472(a)(3), but he incorrectly pursued the sentencing error by requesting a *nunc pro tunc* correction.

¶ 17 The State argues defendant's failure to raise the sentencing error issue under section 5-6-4(h) of the Unified Code of Corrections (Code) (730 ILCS 5/5-6-4(h) (West 2022)) means defendant has forfeited the issue. See *People v. Hillier*, 237 Ill. 2d 539, 544 (2010) ("[T]o preserve a claim of sentencing error, both a contemporaneous objection and a written postsentencing motion raising the issue are required."). We disagree.

¶ 18 Defendant is not seeking relief pursuant to section 5-6-4(h) of the Code. Section 5-6-4(h) provides that a defendant shall not be credited for his time spent on probation against a sentence of imprisonment unless the court orders otherwise. *People v. Sweeney*, 2012 IL App (3d) 100781, ¶ 40. Defendant is not seeking to have the entire period he served on probation credited to his prison sentence. Rather, defendant—incorrectly, by filing a motion seeking a *nunc pro tunc*

order—attempted to seek relief under Rule 472(a)(3) and is now, on appeal, seeking relief under section 5-4.5-100(b) of the Code (730 ILCS 5/5-4.5-100 (West 2022)). Further, section 5-4.5-100(b) of the Code is a statutory right regarding presentence custody credit and cannot be forfeited. *People v. Dieu*, 298 Ill. App. 3d 245, 249 (1998) ("[A] defendant's statutory right to receive credit for time served is mandatory and forfeiture rules do not apply."). Recognizing that defendant presented to the trial court the very issue he presents on appeal, we find that defendant has not forfeited the matter.

¶ 19 Section 5-4.5-100 of the Code (730 ILCS 5/5-4.5-100 (West 2022)) sets forth the calculation for determining a term of imprisonment. Subsection (b) specifically deals with credit for time in custody involving sentencing for the same charge. *Id.* § 5-4.5-100(b). Subsection (b) provides that an "offender shall be given credit on the determinate sentence *** of imprisonment for the number of days spent in custody as a result of the offense for which the sentence was imposed." *Id.* "Whether a defendant should receive presentence custody credit against his sentence is reviewed under the *de novo* standard of review." *People v. Jones*, 2015 IL App (4th) 130711, ¶ 12.

¶ 20 Defendant argues *People v. Scheib*, 76 Ill. 2d 244 (1979), is controlling. We agree.

¶ 21 *Scheib* involved two cases consolidated on appeal. *Id.* at 248. At issue in both cases was "the application of credit for time served prior to each defendant's revocation proceeding." *Id.* Defendant Scheib pleaded guilty to burglary and was sentenced to two years of probation. *Id.* Scheib's probation was subsequently revoked, and he was sentenced to two to six years' imprisonment. *Id.* The trial court gave Scheib credit for time he spent in custody while his probation revocation proceedings were pending but did not give him credit for the time he spent in custody as a condition of his probation. *Id.*

¶ 22        Defendant Ferguson was convicted of misdemeanor criminal damage to property and sentenced to two years of conditional discharge. *Id.* at 249. Ferguson was also sentenced to 120 days in jail; however, the trial court gave him credit for 60 days he had already served and suspended the remaining 60 days. *Id.* Ferguson's conditional discharge was subsequently revoked, and he was sentenced to 264 days in jail. *Id.* The court did not give him credit for the 60 days he had spent in custody as a condition of his conditional discharge. *Id.*

¶ 23        The court in *Scheib* addressed a potential conflict between two sections of the then Code (Ill. Rev. Stat. 1975, ch. 38, ¶ 1005-1-1 *et seq.*). *Scheib*, 76 Ill. 2d at 249. The court concluded "a defendant must be fully credited for any time which he spent in jail for a particular offense, regardless of whether the time in confinement was considered served as part of a condition of probation or conditional discharge." *Id.* at 251. Defendant, in the case at bar, is specifically seeking credit for the time he spent in custody as a condition of his probation.

¶ 24        The State argues defendant was not in custody on the petition to revoke his probation but was incarcerated on a separate offense in a separate county. The State relies on *Jones*, 2015 IL App (4th) 130711, ¶ 15, to support its argument.

¶ 25        In *Jones*, the defendant was found guilty of burglary and sentenced to 30 months' probation. *Id.* ¶ 3. The defendant was subsequently arrested and charged with theft while on probation for the burglary conviction. *Id.* ¶ 4. After a hearing, the trial court revoked the defendant's probation and sentenced him to 7 years' imprisonment, with a sentence credit of 201 days served in custody from June 2011 to December 2011 prior to his original burglary sentence. *Id.* ¶¶ 5-6. The State nol-prossed the theft charge. *Id.* ¶ 8. The trial court denied the defendant's request to have additional presentence credit applied to his seven-year sentence for time spent in custody on the theft charge. *Id.* ¶ 6.

¶ 26        We believe that the State misconstrues *Jones*. The issue in *Jones* was calculation of credit for time served in respect to two different offenses; here, there is only one offense for which defendant was sentenced and then later resentenced after revocation. Unlike the situation in *Jones*, defendant is not seeking credit for the time he spent in custody after the petition to revoke his probation was filed or for time he spent in custody for a separate offense. Further, the State overlooks the fact that the trial court in *Jones* credited the defendant for the 201 days he had already served in custody prior to his original sentence, applying that credit to the new sentence of 7 years' imprisonment imposed after revocation. This is precisely the type of sentence credit defendant is seeking here.

¶ 27        Defendant's original sentence called for him to serve 29 days' jail time plus 3 years' probation. When his probation was revoked, the custodial portion of defendant's sentence was effectively extended from 29 days to 3 years, but it still was a sentence on the offense originally charged. The time he spent in pretrial detention must be credited against his sentence of incarceration, whether the incarceration is for 29 days or 3 years. This is true "regardless of whether the time in confinement was considered served as part of a condition of probation." *Scheib*, 76 Ill. 2d at 251.

¶ 28                              III. CONCLUSION

¶ 29        For the reasons stated, we remand with directions to the trial court to give defendant proper sentence credit consistent with this order.

¶ 30        Remanded with directions.