THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVEN NICHOLSON, Defendant-Appellant.
Second District   No. 2—89—1141

Opinion filed May 16, 1991.

G. Joseph Weller and Barbara Paschen, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

The defendant, Steven Nicholson, was convicted of residential burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—3). He brings this appeal, questioning the computation of the credit for time served he received for his pretrial incarceration. We affirm.

On August 10, 1987, the defendant was arrested by the Oak Forest police and placed in custody. When the defendant was arrested on August 10, he was in possession of certain property related to an August 1987 residential burglary in Du Page County. The Oak Forest arrest and custody apparently were not, however, related to that possession.

On September 16, 1987, while the defendant was in custody outside Du Page County, the residential burglary indictment in this case was filed in Du Page County and bond was set on that indictment. The defendant has at no time made bond in the Du Page County case.

On March 8, 1988, the court in Du Page County placed its pending case against the defendant on "inactive" status with the notation "warrant out for service on indictment." On April 27, 1989, a writ of *habeas corpus ad prosequendum* was issued to the Illinois Department of Corrections (DOC), where the defendant was serving a sentence on a conviction unrelated to the Du Page County residential burglary

charge, and the defendant was transported to Du Page County for his first appearance on the residential burglary charge. On July 31, 1989, the defendant was again in court in Du Page County for this case. He offered a guilty plea despite the parties' dispute over the proper sentence credit due him.

At the sentencing hearing, the court heard argument on the issue of sentence credit. The State argued that it was upon the April 27, 1989, issuance of the writ to the DOC that the defendant was first subject to the Du Page County court's jurisdiction and that any credit for time served should be calculated from that time. The defendant disagreed, arguing that since he had been held in custody since prior to the filing of the indictment in this case, he was entitled to credit for time served from the date of the filing of the indictment. The court found that the defendant was only entitled to credit for time served from April 27, 1989. The defendant appealed.

The defendant argues that he was due sentence credit for his incarceration from the date the Du Page County indictment was filed and his bond was set. He relies primarily on the fifth district decision in *People v. Higgerson* (1987), 157 Ill. App. 3d 564. In *Higgerson*, the court allowed the defendant sentence credit from the date that his bond was set, despite the fact that on that same date a mittimus was issued for him to serve a 364-day sentence on an unrelated charge.

The *Higgerson* court noted that the defendant did not post bond on the charge in question. It reasoned that, even if the defendant had not been incarcerated on the unrelated charge, he nonetheless would have been held in jail for failure to post bond on the charge at bar. (157 Ill. App. 3d at 566-67.) Consequently, it concluded that for the purposes of section 5—8—7 of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—7(b)), which outlines the calculation of a term of imprisonment, while the defendant was serving his 364-day sentence on the unrelated offense, he was also in custody for the failure to post bond on the offense at bar. (157 Ill. App. 3d at 567.) Section 5—8—7(b) states that an "offender shall be given credit on [his sentence] for time spent in custody as a result of the offense for which the sentence was imposed." Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—7(b).

The State argues that the question presented here has not been resolved by this court and that the decision of the fifth district in *Higgerson* conflicts with the decision of the third district in *People v. Stuckey* (1981), 93 Ill. App. 3d 260. It urges that we follow the reasoning in *Stuckey*, where the court referred to the language of section 5—8—7(b) and found that no sentence credit was due except for time

in custody that was a result of the offense for which the sentence was imposed. 93 Ill. App. 3d at 263.

■■ By its plain language (*Maloney v. Bower* (1986), 113 Ill. 2d 473, 479), section 5—8—7(b) allows sentence credit for custody resulting only from the offense at hand. It does not, by its own terms, extend to time during which a defendant *might* have been held in custody on the charge at hand, when another charge was the actual basis for his being held. To the extent that *Higgerson* holds otherwise, we decline to follow it. We note, however, that the import of *Higgerson* is less clear following the fifth district's recent decision in apparent accord with our view on this question. *People v. Wiseman* (1990), 195 Ill. App. 3d 1062, 1065-66.

In *Wiseman*, the court considered the defendant's claim for sentence credit for the period after bond was set in the case at bar. During that period he also was in DOC custody on another offense. The *Wiseman* court rejected the defendant's claim that he was entitled to credit whether or not he had been in simultaneous custody for both cases. The court considered its earlier decision in *Higgerson* and found it distinguishable on the facts. (*Wiseman*, 195 Ill. App. 3d at 1066.) It observed that, during the period in question, defendant Higgerson had been in prison on both relevant offenses. In its own case, however, the *Wiseman* court found no ambiguity regarding which offense had been the basis for the period of custody in question there. (195 Ill. App. 3d at 1066.) It denied credit, as the custody had not been based on the offense in question.

■■ Like the *Wiseman* court, we find no ambiguity here on the question of which offense was the basis for the defendant's custody between his arrest and incarceration on August 10, 1987, and his transportation to Du Page County on April 27, 1989. As that incarceration was not a result of the Du Page County offense, we find no error in the court's award of sentence credit, and we affirm its judgment.

Affirmed.

DUNN and UNVERZAGT, JJ., concur.