**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2015 IL App (3d) 130577-U

Order filed May 1, 2015

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2015

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) | |
| | ) | Appeal No. 3-13-0577 |
| v. | ) | Circuit No. 09-CF-92 |
| | ) | |
| ANDY JONES, | ) | Honorable |
| | ) | Carla Alessio-Policandriotes, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HOLDRIDGE delivered the judgment of the court.
Presiding Justice McDade and Justice Schmidt concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The mittimus and sentencing order are amended to reflect a total of 392 days of presentence custody credit against the defendant's prison sentences.

¶ 2     The defendant, Andy Jones, appeals from the trial court's order granting in part and denying in part his motion to amend the mittimus to award additional presentence custody credit. On appeal, the defendant argues that he is entitled to 77 additional days of custody credit against his prison sentence.  We affirm as modified.

¶ 3                                          FACTS

¶ 4          The defendant pled guilty to five counts of identity theft (720 ILCS 5/16G-15(a)(1),

(a)(4) (West 2008)).  On count I, the trial court sentenced the defendant to 48 months' Treatment

Alternatives for Safe Communities (TASC) probation.  On counts II through V, the court

sentenced the defendant to concurrent terms of 10 years' imprisonment.  The court ordered the

sentences to run concurrent with those imposed in DuPage County case No. 09-CF-719.  The

court awarded the defendant credit for 258 days of presentence custody and stayed the mittimus.

¶ 5          On March 26, 2010, the court issued a warrant for the defendant's arrest after he failed to

appear for a treatment status hearing.  Thereafter, the State filed a petition to revoke the

defendant's probation.

¶ 6          On September 8, 2010, the court issued a writ of *habeas corpus* to the DuPage County

sheriff to transport the defendant to the Will County circuit court for a hearing.  On October 6,

2010, the defendant appeared in custody for a hearing on the State's petition to revoke probation.

During the hearing, the State withdrew its petition, and the court continued the case for review of

the State's prior motion to lift the stay of the mittimus and the defendant's motion to reconsider

sentence.

¶ 7          On December 22, 2010, the defendant appeared in the custody of the DuPage County

sheriff.  Defense counsel stated that the defendant had been resentenced to TASC probation in

DuPage County, and the court ordered that the defendant continue TASC probation in Will

County.  The court also denied the State's motion to lift the stay on the mittimus and discharged

the writ of *habeas corpus* on the DuPage County sheriff.

¶ 8          On November 15, 2012, the State filed a motion to execute the mittimus and a petition to

revoke the defendant's probation due to the defendant's failure to complete drug treatment and a

positive drug test. The defendant admitted to violating his probation, and the court granted the State's petition to revoke probation. The court imposed a concurrent sentence of 10 years' imprisonment on count I and lifted the stay on the mittimus on the remaining convictions.

¶ 9    On March 14, 2013, the defendant filed a motion to amend the mittimus arguing that he was entitled to an additional 195 days of "simultaneous custody" credit for the period of July 31, 2010, to February 10, 2011, which he spent in the custody of the DuPage County sheriff. The court agreed in part and issued an amended sentencing order *nunc pro tunc* that awarded the defendant credit from September 8 to October 6, 2010. The defendant appeals.

¶ 10    ANALYSIS

¶ 11    The defendant argues that he is entitled to additional presentence custody credit for the period between October 6 and December 22, 2010, for a total of 394 days of credit against his prison sentence. The State argues that the trial court awarded the appropriate amount of credit. We review a presentence custody credit issue *de novo*. *People v. Johnson*, 401 Ill. App. 3d 678, 680 (2010).

¶ 12    Section 5-4.5-100(b) of the Unified Code of Corrections provides a defendant with credit against his prison sentence for the number of days spent in custody as a result of the offense for which the sentence was imposed. 730 ILCS 5/5-4.5-100(b) (West 2008)). The credit calculation includes the day that the defendant is taken into custody and any partial day of custody, but excludes the day the defendant is sentenced. *People v. Alvarez*, 2012 IL App (1st) 092119, ¶ 71; *People v. Smith*, 258 Ill. App. 3d 261, 267 (1994). Where a defendant is simultaneously in custody on two or more charges, the presentence custody credit applies against the sentences imposed on all of the charges which result in conviction. *People v. Robinson*, 172 Ill. 2d 452, 462-63 (1996). Where consecutive sentences are imposed, a defendant may only receive one day

3

of credit for each day spent in presentence custody against the aggregate consecutive sentences. *People v. Latona*, 184 Ill. 2d 260, 271-72 (1998).

¶ 13 In the instant case, the record establishes that the defendant was in the custody of the DuPage County sheriff when the trial court issued a writ of *habeas corpus* to transport the defendant to the Will County circuit court for proceedings in this case. This writ remained in effect until December 22, 2010. Nevertheless, the trial court gave the defendant sentencing credit only for the period between September 8, 2010, when the writ was issued, and October 6, 2010, when the State withdrew its petition to revoke probation. From October 6 to December 22, 2010, the date when the writ was discharged, the defendant was twice transported to the Will County circuit court for proceedings in this case. Because the writ remained in effect during this period, the defendant is entitled to an additional 76 days of presentence custody credit. Therefore, we amend the mittimus and sentencing order to reflect that the defendant's sentence is offset by a total of 392 days[1] of presentence custody credit.

¶ 14 CONCLUSION

¶ 15 The judgment of the circuit court of Will County is affirmed as modified.

¶ 16 Affirmed as modified.

---

[1] In his brief, the defendant asks us to correct the mittimus and sentencing order to reflect an award of 394 days of presentence custody credit. However, this calculation appears to have mistakenly included September 25, 2009, and November 15, 2012, the dates when the defendant was sentenced and resentenced. The date of sentencing does not count for presentence custody credit, and therefore, the defendant is entitled to 392 days of credit. *Alvarez*, 2012 IL App (1st) 092119, ¶ 71.