2020 IL App (2d) 170763-U
Nos. 2-17-0763, 2-17-0764, 2-17-0765, 2-17-0780 cons.
Order filed January 15, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 13-CF-668 |
| CASSIUS T. DEAR, | ) ) ) | Honorable T. Clint Hull and Donald M. Tegeler Jr., |
| Defendant-Appellant. | ) | Judges, Presiding. |

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 14-CF-1005 |
| CASSIUS T. DEAR, | ) ) ) | Honorable T. Clint Hull and Donald M. Tegeler Jr., |
| Defendant-Appellant. | ) | Judges, Presiding. |

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 15-CF-1050 |
| | ) | |

| CASSIUS T. DEAR, | ) | Honorable |
| | ) | T. Clint Hull and Donald M. Tegeler Jr., |
| Defendant-Appellant. | ) | Judges, Presiding. |

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Kane County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 15-CF-1512 |
| | ) | |
| CASSIUS T. DEAR, | ) | Honorable |
| | ) | T. Clint Hull and Donald M. Tegeler Jr., |
| Defendant-Appellant. | ) | Judges, Presiding. |

JUSTICE BURKE delivered the judgment of the court.
Presiding Justice Birkett and Justice Zenoff concurred the judgment.

## ORDER

¶ 1    *Held*: We dismissed defendant's appeal, as he was seeking to raise a benefit-of-the-bargain claim based on the original record but did not file a timely Rule 604(d) motion.

¶ 2    Defendant, Cassius T. Dear, was charged in four separate cases. Eventually, per agreement he entered a "global" plea of guilty to four offenses in three of the cases, with the fourth case being dismissed by the State, and was sentenced accordingly. Defendant did not file a timely motion to vacate the pleas or reconsider his sentences. More than nine months after the entry of the judgment, he filed a *pro se* motion claiming that, under the agreement, he should have received more credit for presentencing custody. His appointed counsel agreed with the State that the motion was not meritorious. After defendant declined to appear to argue *pro se*, the trial court denied the motion. Defendant appeals. We dismiss the appeal.

¶ 3                                    I. BACKGROUND

¶ 4      On April 15, 2013, defendant was arrested and charged by complaint with one count of being an armed habitual criminal (720 ILCS 5/24-1.7(a)(West 2012)) and two counts of domestic battery (*id.* § 12-3.2(a)(2)) (case No. 13-CF-668). He posted bond. On May 20, 2013, he was indicted on one count of being an armed habitual criminal, one count of aggravated unlawful use of a weapon (AUUW) (*id.* § 24-1.6(a)(1)(3)(C)), and four counts of domestic battery.

¶ 5      On July 4, 2014, defendant was charged with two counts of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2014)) (case No. 14-CF-1005). That day, he was remanded to the custody of the Kane County sheriff.

¶ 6      On July 10, 2014, defendant moved to exonerate the bond in case No. 13-CF-668 and to apply the proceeds to his attorney. The motion noted that, since being charged in case No. 14-CF-1005, a violation of the conditions of the bond in case No. 13-CF-668, defendant had been in custody. On July 17, 2014, the trial court exonerated the bond in case No. 13-CF-668 and remanded defendant to the custody of the sheriff.

¶ 7      On July 11, 2015, defendant was charged by complaint with two counts of aggravated domestic battery (720 ILCS 5/12-3.3(a), (a-5) (West 2014)); two counts of domestic battery (*id.* §§ 3.2(a)(1), (a)(2)); one count of resisting or obstructing a peace officer (*id.* § 31-1(a)); and one count of possession of cannabis (720 ILCS 550/4(a) (West 2014)) (case No. 15-CF-1050). That day, he was remanded to the sheriff's custody.

¶ 8      On September 25, 2015, defendant was charged by complaint with five counts of unlawfully manufacturing or delivering a controlled substance (720 ILCS 570/401(c)(2), (d)(1), 407(b)(1), (b)(3) (West 2014)) (case No. 15-CF-1512). He was remanded to the custody of the sheriff.

¶ 9      On December 30, 2015, the parties appeared before Judge Hull. The four cases had been consolidated for the hearing. Assistant State's Attorney William Engerman announced a plea agreement. In case No. 13-CF-668, defendant would plead guilty to AUUW, the State would dismiss the other charges, and defendant would be sentenced to five years. Engerman turned to the credit that defendant would receive for time spent in custody before sentencing. He stated, "on all the files, he's going to get credit of 316 days in the Kane County Jail." The parties had agreed "to put all of his credit on this case, Judge, and those are going to be from the dates of his initial arrest, which is April 15, 2015 [*sic*]—he gets one day—July 17, 2014 to December 4, 2014, and that's a total of 142 days, and then July 10, 2015, to today's date, which is a total of 173 days." One of defendant's attorneys, Richard Irvin, confirmed that this was the agreement. On inquiry from Judge Hull, defendant said that he understood and had no questions.

¶ 10      Engerman explained the agreement further. The State would dismiss case No. 4-CF-1005 completely. In case No. 15-CF-1512, defendant would plead guilty to one count and be sentenced to five years. In case No. 15-CF-1050, he would plead guilty to aggravated domestic battery and be sentenced to three years. Defendant's sentences in case Nos. 15-CF-1050 and 15-CF-1512 would be concurrent to each other but consecutive to the sentence in case No. 13-CF-668. Defendant's attorneys told the court that Engerman had correctly represented the agreement.

¶ 11      Judge Hull provided defendant with the required admonishments and reiterated the terms of the agreement. In part, he told defendant, "You are going to be given credit for 316 days served to date." Defendant said that this was his understanding of the agreement. The judge accepted the pleas and admonished defendant of his appeal rights. That day, the court entered a judgment order in each case. The order in case No. 13-CF-668 stated, in part, that defendant's credit for time served was "316 days (4-15-13) (7-17-14 to 12-4-14) + (7-10-15 to 12-30-15)."

¶ 12    Defendant did not file a timely postjudgment motion against the pleas or sentences. See Ill. S. Ct. R. 604(d) (eff. Dec. 3, 2015). On October 24, 2016, he filed *pro se* a "Motion for Order Nunc Pro Tunc." The motion stated that in case No. 13-CF-668, into which all the presentencing credit had been consolidated, defendant was entitled (in pertinent part) to 165 days' credit for July 4, 2014, through December 17, 2014. The motion was accompanied by a one-page handwritten document stating that defendant should have received more credit: "I was there from 7-4-14 til [*sic*] 12-17-14, but you mixed the days up, and credited me from 7-17-14 til [*sic*] 12-4-14. And also I was credited from 7-10-15 to 12-30-15, and also 4-13-13 [*sic*]. I have 3 case numbers 13CF668-15CF10150 [*sic*]-15-CF-1512, and was supposed to be credited for EACH CASE."

¶ 13    Eventually, the court appointed Judith Kullenberg to represent defendant. On June 1, 2017, Judge Tegeler held a hearing. Both the assistant state's attorney and Kullenberg said that they believed that defendant's motion was incorrect. The judge noted that, given Kullenberg's concession, defendant should have the opportunity to appear and argue the motion *pro se*. On August 24, 2017, the court held a hearing. Kullenberg stated that defendant did not wish to appear or argue in person. The judge then denied the motion. Defendant appealed.

¶ 14                                  II. ANALYSIS

¶ 15    On appeal, defendant contends that the trial court erred in denying him extra sentencing credit for July 4 through 16, 2014, when he was in custody in case No. 14-CF-1005. Defendant argues that, by starting this period at July 17, 2014, the judgment is inconsistent with the plea agreement. According to defendant, the parties intended to give him credit for his total time in custody in all four cases. He concludes that the court did not give him the benefit of his bargain.

¶ 16    Rule 604(d) states, in pertinent part, "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed,

files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged." Ill. S. Ct. R. 604(d) (eff. Dec. 3, 2015). Further, "Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence *** shall be deemed waived." *Id.* Ordinarily, the failure to file the appropriate motion will result in the dismissal of the appeal. *People v. Hermann*, 349 Ill. App. 3d 107, 110 (2004), *abrogated on other grounds*, *In re H.L.*, 2015 IL 118529, ¶ 21.

¶ 17    Here, defendant's *pro se* motion was, in essence, one to reconsider his sentence, on the basis that it denied him the benefit of his bargain by failing to adhere to the plea agreement. This contention could have been raised by a timely motion under Rule 604(d) to reconsider the sentence. In sentencing defendant, the trial judge duly admonished him that he would need to file a timely Rule 604(d) motion in order to preserve sentencing issues (and any plea-related issues) for appeal. Yet defendant did not follow the admonishment. Therefore, we shall not address his belated claim now, and we must dismiss the appeal.

¶ 18    In *Hermann*, the defendant entered negotiated guilty pleas to two offenses; the sentences included restitution to be determined. After the trial court set restitution, the defendant filed a motion to reconsider the restitution order, contending that it did not accord with either the restitution statute or the plea agreement, but her attorney did not file the required certificate of compliance with Rule 604(d). See Ill. S. Ct. R. 604(d) (eff. Nov. 1, 2000); *Hermann*, 349 Ill. App. 3d at 110. The trial court denied the motion.

¶ 19    On appeal, we first held that the defendant properly used a timely motion to reconsider sentence to challenge the judgment's restitution order. Although the plea had been negotiated, no motion to withdraw the plea was necessary (see Ill. S. Ct. R. 604(d) (eff. Nov. 1, 2000)), because the defendant was not contending that the sentence was excessive; she was contending that it had denied her the benefit of the plea agreement (and also that it was statutorily impermissible).

*Hermann*, 349 Ill. App. 3d at 113-14. We next held that the attorney's failure to file the required certificate required a remand for strict compliance with Rule 604(d). *Id.* at 114-15.

¶ 20    The present case is the obverse of *Hermann*. There, we held that the defendant had preserved her appellate challenge to an aspect of her sentence, based on a "benefit of the bargain" theory, by filing a timely and appropriate Rule 604(d) motion. Here, we hold that defendant has failed to preserve his appellate challenge to the aspect of his sentence that he challenges, also on a "benefit of the bargain" theory, by neglecting to timely file the required Rule 604(d) motion.

¶ 21    Instructive and persuasive is *People v. Smith*, 2012 IL App (1st) 110670-U. The defendant pleaded guilty to theft and was sentenced to probation and the payment of restitution. She filed a timely motion to withdraw the plea and vacate the judgment, which the trial court denied. *Id.* ¶¶ 3-6. On appeal, she contended for the first time that the judgment denied her the benefit of her bargain by charging her more than the amount of restitution. The court held that she had forfeited the issue on appeal by failing to raise it in her postjudgment motion. *Id.* ¶ 6.

¶ 22    The court noted that in *People v. Whitfield*, 217 Ill. 2d 177 (2005), on which the defendant relied, the supreme court allowed the defendant there to raise for the first time in a postconviction petition the claim that he had been denied the benefit of his plea bargain, a sentence and a required term of mandatory supervised release (MSR) that totaled 25 years combined. (He received a 25-year sentence and a 3-year MSR term.) *Smith*, 2012 IL App (1st) 110670-U, ¶ 10; see *Whitfield*, 217 Ill. 2d at 180-81, 183. The *Smith* court distinguished *Whitfield*. The court observed that, in *Whitfield*, the defendant did not learn of his MSR term until after he began serving his prison term. By contrast, the allegedly improper assessments to which Smith had been subjected were matters of record to which she could have objected either at sentencing or in her postjudgment motion. Having done neither, she could not raise the issue on appeal. *Smith*, 2012 IL App (1st) 110670-U,

¶ 10. Here, the credit that defendant would receive was also a matter of record at sentencing. However, not only did defendant fail to raise his benefit-of-the-bargain claim in a timely postjudgment motion, but he did not file a timely postjudgment motion at all. Therefore, we do not address his belated claim.

¶ 23 Defendant relies on *People v. Johnson*, 401 Ill. App. 3d 678 (2010), contending that it is indistinguishable on the merits from his claim. As we do not reach the merits of defendant's claim, we must discuss *Johnson* only to explain why it is not inconsistent with our decision. In *Johnson*, the defendant raised a contention that resembles the one that defendant raises here, and we reached the merits even though he had failed to file a Rule 604(d) motion. Nonetheless, owing to key procedural differences between the two cases, we were able to reach the merits there but cannot properly do so here. We now explain why *Johnson* is distinguishable.

¶ 24 In *Johnson*, the parties' agreement called for the defendant to be sentenced to eight years for the charged offense, criminal damage to property, and to receive credit for time served in custody on that charge and on a charge in a separate case. The trial court accepted the plea and sentenced the defendant. The defendant did not file a Rule 604(d) motion of any kind. Approximately three months after the judgment, he filed a *pro se* motion contending that he was entitled to more credit for time spent in custody before sentencing for criminal damage to property. The trial court denied the motion, and the defendant appealed. *Id.* at 679-80.

¶ 25 On appeal, this court did not hold that the defendant's failure to file a Rule 604(d) motion barred him from raising the sentencing-credit issue. Indeed, we did not mention Rule 604(d) at all. Although we did not say so explicitly, it appears that we treated the defendant's motion not as one to enforce the plea agreement but as a freestanding application for mandatory statutory sentencing credit. Such an application may be raised at any time. See *People v. Woodard*, 175 Ill.

2d 435, 447-48, 457 (1997); *People v. Mingo*, 403 Ill. App. 3d 968, 972-73 (2010); see also Ill. S. Ct. R. 472 (eff. May 17, 2019).

¶ 26    Our opinion was structured accordingly. The first and longest portion of our analysis addressed the proper construction of the pertinent statutes, and we held that they supported the defendant's argument as to when his period of custody began. *Johnson*, 401 Ill. App. 3d at 680-83. That would have disposed of the appeal, except that the State raised the construction of the plea agreement, seeking affirmance on the alternate ground that *the State* would be denied the benefit of the plea agreement were we to apply the statutes as written. This was because, according to the State, by entering into the agreement, the defendant had voluntarily accepted a total credit that was less than what the statutes would otherwise have required. *Id.* at 683-84. We held that the State's construction of the agreement was incorrect. *Id.* at 684. Therefore, we affirmed.

¶ 27    Here, it is not the State that seeks an affirmance based on a benefit-of-the-bargain theory; it is *defendant* who seeks a *reversal* based on a benefit-of-the bargain theory. Although it is arguable that the defendant in *Johnson* sought a reversal on this same basis, we did not treat the appeal as such, and therefore his failure to file a Rule 604(d) motion did not subject himself to the forfeiture that must ensue upon such a failure. As the appellee, the State in *Johnson* simply invoked the familiar principle that a judgment may be affirmed on any basis of record. As the appellant, defendant obviously may not invoke this principle but must satisfy the procedural requirements for raising a claim of error. He did not do so. Therefore, we must dismiss his appeal.

¶ 28                              III. CONCLUSION

¶ 29    For the reasons stated, we dismiss the appeals from the judgment of the circuit court of Kane County.

¶ 30    Appeals dismissed.