NOTICE

Decision filed 04/12/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 190243-U

NO. 5-19-0243

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 16-CF-1638 |
| | ) | |
| KEVIN GARY, | ) | Honorable |
| | ) | Neil T. Schroeder, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Wharton and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The defendant is not entitled to credit against his prison sentence in the instant case for the days he served in prison in an earlier case, awaiting trial in the instant case, where the two prison sentences were mandatory consecutive, and since any argument to the contrary would lack merit, the defendant's appointed appellate counsel is granted leave to withdraw and the circuit court's judgment, denying him additional credits against his instant sentence, is affirmed.

¶ 2    Pursuant to a fully negotiated agreement with the State, the defendant, Kevin Gary, pleaded guilty to domestic battery, a Class 4 felony, and was sentenced to imprisonment for five years. There was no direct appeal. Months later, the defendant filed a motion to amend mittimus for additional time credits. The circuit court denied the motion. The defendant now appeals from that denial. The defendant's appointed counsel on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit, and accordingly has filed a motion to

1

withdraw as counsel (see *Anders v. California*, 386 U.S. 738 (1967)) and an accompanying brief. OSAD properly gave notice to the defendant, along with a copy of the *Anders* motion and brief. This court gave him ample opportunity to file a *pro se* brief, memorandum, or other document explaining why OSAD should not be allowed to withdraw as counsel or why this appeal has substantial merit, but the defendant has not taken advantage of that opportunity. This court has examined OSAD's *Anders* motion and brief, as well as the entire record on appeal, and has concluded that this appeal does indeed lack merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 3                                   BACKGROUND

¶ 4     The background to the instant case begins with a separate, but similar, Madison County case. In February 2015, the defendant was arrested for felony domestic battery in Madison County case No. 15-CF-490. In July 2015, the defendant entered an open plea of guilty to that charge. He was not immediately sentenced, but instead was released on bond pending sentencing, with the expectation that he would complete domestic-violence classes in the meantime. Then, on July 6, 2016, while still out on bond in No. 15-CF-490, the defendant committed the offenses in the instant Madison County case, No. 16-CF-1638. He was arrested that same day, and as a consequence, his bond in No. 15-CF-490 was revoked. From July 6, 2016, to November 21, 2016, the defendant was held in the Madison County jail in both No. 15-CF-490 and the instant case. On November 21, 2016, in No. 15-CF-490, he was sentenced to imprisonment for three years and was remanded to the Illinois Department of Corrections (IDOC). (The mittimus in No. 15-CF-490 was dated November 29, 2016, and for that reason, the November 29 date is sometimes confused with November 21, 2016, which was the actual sentencing date in No. 15-CF-490.) On August 4, 2017, the defendant completed his prison sentence in No. 15-CF-490 and was promptly returned to the

2

Madison County jail for prosecution in the instant case. On September 22, 2018, someone posted bond for the defendant, and he was released from jail in the instant case.

¶ 5 On October 1, 2018, the defendant, defense counsel, and an assistant state's attorney appeared in court. Defense counsel announced that, pursuant to negotiations with the State, the defendant had agreed to plead guilty to domestic battery, in exchange for a sentence of imprisonment for five years, with credit for time served, and the payment of $2000 in restitution, while the State would move to nol-pros the home-invasion count. The defendant's credit for time served was specified in a "Credit for Time Served" form that the defendant had reviewed and signed. The State concurred that this was the parties' agreement. The court went on to review with the defendant the terms of the plea agreement, and he agreed that those were the terms. In response to further queries from the court, the defendant stated that he was 34 years old, and he indicated that he understood English and was not under the influence of any substance. After the court admonished him as to the nature of the charge of domestic battery, the defendant stated that he understood, and he pleaded guilty. The court thoroughly admonished the defendant about the presumption of innocence, the State's burden of proof, his right to a trial, his rights at trial, the voluntariness of his actions at the hearing, and the possible penalties for this Class 4 felony, including mandatory supervised release, or MSR, etc. The defendant responded in ways that supported the court's finding that a plea of guilty would be knowing, intelligent, and voluntary. A factual basis for the plea was provided.

¶ 6 The court accepted the defendant's plea, entered judgment thereon, and sentenced the defendant to imprisonment for five years, to be followed by MSR for four years. The court awarded credit for time served from July 6, 2016, to November 29, 2016, and from August 4, 2017, to September 22, 2018, which were the time periods given in the "Credit for Time Served" form.

3

¶ 7 The defendant did not file a motion to withdraw the guilty plea. He did not pursue a direct appeal.

¶ 8 On January 9, 2019, the defendant filed a *pro se* "motion for order nunc pro tunc" wherein he stated that he was entitled to 270 days of credit for time served.

¶ 9 On March 5, 2019, the defendant filed a *pro se* "petition to correct and amend mittimus." He stated:

> "That on or about July 6, 2016 [*sic*] was detained and while he was being detained he also was in custody simultaneously for Madison County case # 16-CF-1638 Domestic Battery. While the Petitioner was in IDOC custody and was charged or indicted while serving an unrelated sentence, he is entitled to the Custody credit. Petitioner relies on [People v. Chamberlain, 354 Ill. App. 3d 1070 (2005) 3rd District [*sic*] of Appeals 822 N.E. 2d 914, 291 Ill. Dec. 39]."

The defendant claimed that he had been in the custody of either the IDOC or Madison County from July 6, 2016, "to the present minus appx 9 days." The defendant figured that his "out date" should have been January 6, 2019.

¶ 10 On March 12, 2019, the circuit court entered a written order denying the defendant's motion for order *nunc pro tunc*, filed on January 9. The court noted that its mittimus included specific dates for which the defendant was to receive presentence credit. "The defendant should have also received credit from the date he surrendered, October 1, 2018, through the present," the order stated. If the defendant was in custody on any other dates, the court said, he could file another motion that included those specific dates.

¶ 11 On March 21, 2019, the court appointed counsel to represent the defendant on his petition to correct and amend mittimus, filed on March 5.

4

¶ 12    On June 4, 2019, the court held a hearing on the defendant's petition to correct and amend mittimus, which the court referred to as a "motion to amend mittimus for additional time credits." The court heard arguments from the two sides.  Defense counsel argued that the defendant "should have received credit for the time he spent in the Department of Corrections on the 2015 case from 11/29/16, to 8/4/2017, as he was simultaneously in custody on both cases while he was serving that sentence in 2015."  (That is, defense counsel was requesting an award of credit from the time the defendant was sentenced in No. 15-CF-490 until the time he completed that particular sentence and was returned to the Madison County jail for prosecution in the instant case.)  Then, arguing in the alternative, defense counsel stated: "Should this Court find that he is not entitled to double credit for time spent in custody because it is a consecutive sentence, we ask that the court honor the credit for time served sheet that has already been entered as it was part of plea negotiations." The State, in its own argument, asked that the defendant not be given any more credit. Furthermore, the State asked the court to revoke the credit for the period July 6, 2016, to November 29, 2016, even though that was a part of the parties' plea agreement.

¶ 13    After hearing the arguments of defense counsel and the State, the court denied the motion to amend mittimus for additional time credits.  According to the court, it could not award "double credit" for prison sentences that were mandatory consecutive, as the sentences in Nos. 15-CF-490 and 16-CF-1638 were.  The court also declined the State's invitation to "take away" some of the sentence credits that already had been awarded to him, explaining that although the defendant had received some credit—approximately five months' worth—for both his sentences in Nos. 15-CF-490 and 16-CF-1638, the parties had agreed to those credits in their negotiations, and more than 30 days had expired since the plea and sentencing.  The defendant filed a timely notice of appeal from the denial order, thus perfecting the instant appeal.

5

¶ 14                                    ANALYSIS

¶ 15    This appeal is from the circuit court's order denying the defendant's motion to amend mittimus for additional time credits. As previously noted, OSAD has filed an *Anders* motion to withdraw as counsel on the ground that this appeal lacks merit. The denial of a motion to amend a mittimus is reviewed *de novo*. *People v. Johnson*, 401 Ill. App. 3d 678, 680 (2010). (For reasons unknown, OSAD did not include a standard of review in its *Anders* motion.)

¶ 16    The defendant committed the instant offense, domestic battery, a Class 4 felony, on July 6, 2016, while he was out on bond in another Madison County case, No. 15-CF-490. Due to the fact that he committed the instant offense while out on bond in No. 15-CF-490, the sentences in the instant case and in No. 15-CF-490 needed to be consecutive (see 730 ILCS 5/5-8-4(d)(8) (West 2016)), and they were. In his motion to amend mittimus for additional time credits, the defendant sought credit against the instant sentence for the time that spanned from his sentencing in No. 15-CF-490 to the time he completed that particular sentence and was returned to the Madison County jail for prosecution in the instant case. In other words, he sought credit against the instant sentence for the time he spent in prison serving his earlier sentence, and awaiting the instant prosecution. This approach would contradict the principle that a defendant serving consecutive sentences should receive credit only once against the aggregate term of the consecutive sentences. See *People v. Inman*, 2014 IL App (5th) 120097, ¶ 26 ("when consecutive sentences are imposed, all time spent in custody is credited only once against the aggregate term of the consecutive sentences"). As the circuit court rightly explained to the defendant at the June 4, 2019, hearing on the motion to amend mittimus, "you can't get double credit" on your two mandatory consecutive prison sentences. "You can only put credit towards one sentence, but not both."

6

¶ 17                                    CONCLUSION

¶ 18    The circuit court did not err in denying the defendant's motion to amend mittimus for additional time credits.  Any argument to the contrary would lack merit.  Therefore, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.


¶ 19    Motion granted; judgment affirmed.