NOTICE

Decision filed 08/21/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220784-U

NO. 5-22-0784

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Randolph County. |
| | ) | |
| v. | ) | No. 19-CF-169 |
| | ) | |
| CHARLES T. JACKSON, | ) | Honorable |
| | ) | Richard A. Brown, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Presiding Justice Boie and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1   *Held*:  Where the circuit court properly denied the defendant's motion for order *nunc pro tunc*, and where no argument to the contrary would have merit, appointed appellate counsel is granted leave to withdraw and the judgment of the circuit court is affirmed.

¶ 2   The defendant, Charles T. Jackson, appeals from the circuit court's order dismissing his motion for order *nunc pro tunc*. The defendant had sought a reduction in his term of mandatory supervised release from 3 years to 1½ years. His appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit, and on that basis it has filed a motion to withdraw as counsel (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)), along with a memorandum of law in support of that motion. OSAD properly served the defendant with notice, and this court gave him an opportunity to file a *pro se* brief, memorandum, or other

1

document explaining why OSAD should not be allowed to withdraw as counsel, or why this appeal has merit, but the defendant failed to respond. Having examined OSAD's *Finley* motion, the supporting memorandum, and the entire record on appeal, this court concludes that this appeal does indeed lack merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 3                                    BACKGROUND

¶ 4     In July 2019, the defendant was charged by information with one count of possession with intent to deliver methamphetamine, in violation of section 55(a)(1) of the Methamphetamine Control and Community Protection Act. See 720 ILCS 646/55(a)(1) (West 2018). The date of the offense was July 18, 2019. Because the amount of methamphetamine was 15 or more grams but less than 100 grams, the offense was a Class X felony, subject to a term of 6 to 30 years in prison. See 720 ILCS 646/55(a)(2)(C) (West 2018). The defendant was also charged with a second count, also involving methamphetamine. The court appointed counsel for the defendant.

¶ 5     In August 2019, the defendant, his appointed counsel, and an assistant state's attorney appeared before the circuit court. The court was informed that the defendant would plead guilty to possessing 15 or more grams but less than 100 grams of methamphetamine with the intent to deliver, in exchange for the State's moving to dismiss the other methamphetamine count. There was no agreement as to sentencing. After appropriate admonishments, etc., the defendant entered his guilty plea, and the court accepted the plea.

¶ 6     On October 15, 2019, after a hearing, the court sentenced the defendant to imprisonment for a term of 10 years, to be followed by mandatory supervised release (MSR) for a term of 3 years.

¶ 7    No direct appeal followed. In January 2020, the defendant filed a motion to reduce sentence, which the court denied due to untimeliness and its own loss of jurisdiction. On October 17, 2022, the defendant filed a motion for order *nunc pro tunc*. He sought an order "correcting the mittimus" from a term of 3 years MSR to a term of 1.5 years MSR, so as to "comply with the amendment" to section 5-8-1(d) of the Unified Code of Corrections (730 ILCS 5/5-8-1(d) (West 2022)), which became effective on July 1, 2021.

¶ 8    Three days later—on October 20, 2022—the circuit court entered a written order denying the motion on the ground that it had been filed more than 30 days after sentencing, resulting in a loss of the court's jurisdiction. In addition, the order stated: "Assuming, *arguendo*, the Court had jurisdiction in this matter, the Mittimus prepared indicates the correct MSR term in force at the time the Defendant was sentenced."

¶ 9    From the denial order, the defendant perfected the instant appeal. The circuit court appointed OSAD as his appellate counsel.

¶ 10                              ANALYSIS

¶ 11    This appeal is from the circuit court's order denying the defendant's motion for order *nunc pro tunc*. The circuit court, in its order disposing of the defendant's motion, stated in the alternative (essentially) that even if the defendant's motion were treated as a motion to amend the mittimus, the motion would still fail, because the mittimus accurately stated the only MSR term that was legally permitted on the date of sentencing. When a motion to amend a mittimus is denied, the denial is reviewed *de novo*. *People v. Johnson*, 401 Ill. App. 3d 678. 680 (2010).

¶ 12    The defendant committed his crime, possession with intent to deliver methamphetamine, on July 18, 2019. On that date, due to the weight of methamphetamine, the crime was a Class X felony, punishable by imprisonment from 6 to 30 years. 720 ILCS 646/55(a)(2)(C) (West 2018).

3

After finishing his term of imprisonment, the defendant was required to serve a term of MSR, lasting three years. 730 ILCS 5/5-8-1(d)(1) (West 2018). On the date of the defendant's sentencing—October 15, 2019—an MSR term of three years remained mandatory. Therefore, the circuit court was correct that the correct MSR term (three years) was already written in the mittimus.

¶ 13 The MSR term for the defendant's crime remained unchanged at three years until July 1, 2021—approximately two years after his crime, and approximately 21 months after his sentencing. That is when the legislature changed the MSR term for his offense, a cut from 3 years to 18 months. 730 ILCS 5/5-8-1(d)(1.5) (West 2022). The 18-month MSR term applies to anyone who was "convicted" of a Class X felony (with some exceptions not applicable here) "on or after" July 1, 2021. See 730 ILCS 5/5-8-1(g) (West 2022). Where, as here, the defendant was convicted prior to July 1, 2021, the 18-month MSR term cannot apply to him. A three-year MSR term is correct for this defendant, and no amendment to the mittimus is necessary.

¶ 14 CONCLUSION

¶ 15 At the time the defendant was sentenced for his crime, the only MSR term that was permitted was three years. The subsequent legislative halving of the applicable MSR term did not apply to the defendant. The mittimus setting an MSR term of three years was correct at the time it was entered and therefore should not be amended. No argument to the contrary would have merit. Therefore, OSAD's *Finley* motion for leave to withdraw as counsel is granted, and the judgment of the circuit court of Randolph County is affirmed.

¶ 17 Motion granted; judgment affirmed.

4